# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH IRVING BARRETT,<br><br>    Plaintiff,<br><br>vs.<br><br>CARLOS O'KELLY'S INC., and THE UNKNOWN DEFENDANT OR DEFENDANTS OPERATING CARLOS O'KELLY'S RESTAURANT, located at 1331 Fleming Drive in Waterloo, Iowa,<br><br>    Defendants. | 13-CV-2047-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Defendants Carlos O'Kelly's, Inc. ("Carlos O'Kelly's") and The Unknown Defendant or Defendants Operating Carlos O'Kelly's Restaurant, located at 1331 Fleming Drive in Waterloo, Iowa's (collectively, "Defendants") "Motion for Partial Summary Judgment" ("Motion") (docket no. 6), which Defendants filed on July 3, 2013.

## II. PROCEDURAL HISTORY

On May 23, 2013, Plaintiff Joseph Irving Barrett filed a Petition ("Complaint") (docket no. 3) in District Court for Black Hawk County, Iowa, Case No. LACV121804, alleging that Defendants discriminated against Barrett based on his sexual orientation in violation of the City Code of Waterloo, the Iowa Civil Rights Act and Title VII of the Civil Rights Act of 1964. On June 19, 2013, Defendants removed the action to this court on the basis of federal question jurisdiction. Notice of Removal (docket no. 2). On June 26, 2013, Defendants filed their Answer (docket no. 5). On July 3, 2013, Defendants filed the Motion asking the court to dismiss Barrett's claim under the Iowa Civil Rights Act

because the statute of limitations for filing such claim lapsed before Barrett filed his claim in state court on May 23, 2013. The Motion is unresisted.

### III. SUBJECT MATTER JURISDICTION

The court has federal question jurisdiction over Barrett's Title VII claim against Defendants, which arises under 42 U.S.C. § 2000e et seq. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over Barrett's state-law claims because they are so related to the claim over which the court has original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).

### IV. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986)), *cert. denied*, 132 S. Ct. 1144 (2012). "[S]elf-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010). "To survive a motion for summary judgment, the nonmoving party must substantiate [its] allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011) (second alteration in original) (quoting *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003)) (internal quotation marks omitted). The court must view the record in the light most

favorable to the nonmoving party and afford it all reasonable inferences. *See Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 819 (8th Cir. 2011).

## V. RELEVANT FACTUAL BACKGROUND

Barrett alleges that employees at Carlos O'Kelly's, at 1331 Fleming Drive in Waterloo, Iowa, discriminated against him based on his sexual orientation when they made derogatory comments concerning his sexual orientation. Barrett allegedly reported these comments to his supervisor and other employees in management positions, but these employees did not take any action in relation to Barrett's complaints. Rather, Barrett asserts, these managing employees condoned the discriminatory comments and defended those employees making the comments. As a result of this inaction, Barrett asserts that he was forced to leave his job.

After Barrett filed a complaint with the Iowa Civil Rights Commission ("ICRC"), the ICRC sent Barrett an Administrative Release on February 20, 2013, which stated that "action must be commenced within ninety . . . days of the issue date 2/20/2013." Administrative Release (docket no. 6-2). In the Complaint, Barrett seeks damages under disparate treatment, constructive discharge and hostile work environment theories of liability under the City Code of Waterloo, the Iowa Civil Rights Act and Title VII of the Civil Rights Act of 1964.

## VI. ANALYSIS

At the outset, the court notes that Barrett did not file a Resistance to the Motion. Therefore, the court may grant the unresisted Motion without notice pursuant to Local Rule 7(f). *See* LR 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice."). Accordingly, the court shall grant the Motion for this reason. Nevertheless, the court will address the Motion on its merits.

When a federal court exercises supplemental jurisdiction over a state-law claim, the court should apply the forum state's substantive law. *See Felder v. Casey*, 487 U.S. 131,

151 (1988). Generally, courts consider state statutes of limitations to be substantive law. *See Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945). Thus, the court shall apply Iowa law to determine whether the applicable statute of limitations has run on Barrett's claim pursuant to the Iowa Civil Rights Act.

Under Iowa law, a complainant must commence an action within ninety days after the ICRC issues the complainant an Administrative Release. *See* Iowa Code § 216.16 ("An action authorized under this section [of the Iowa Civil Rights Act] is barred unless commenced within ninety days after the issuance by the commission of a release . . . ."); *see also LeClair v. Wells Fargo Bank Iowa, N.A.*, 291 F. Supp. 2d 873, 879 (S.D. Iowa 2003) (dismissing an action because it was not filed within ninety days of the ICRC's issuance of the Administrative Release); *Saemisch v. Ley Motor Co.*, 387 N.W.2d 357, 359 (Iowa 1986) (noting that an action filed more than ninety days after the ICRC issues an Administrative Release would be barred if the Administrative Release was issued by certified mail).

In this case, the ICRC issued the Administrative Release on February 20, 2013. In order for Barrett's action to be timely, it would need to have been filed by May 21, 2013. Barrett, however, did not file the action until May 23, 2013. Accordingly, Barrett's claim that Defendants violated the Iowa Civil Rights Act is barred by the statute of limitations and is dismissed for this additional reason.

## *VII. CONCLUSION*

In light of the foregoing, **IT IS HEREBY ORDERED THAT**:

Defendants' Motion (docket no. 6) is **GRANTED**. Plaintiff Joseph Irving Barrett's claim in the Complaint pursuant to the Iowa Civil Rights Act is **DISMISSED**. **DATED** this 2nd day of October, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA